**Carl Michael SMITH, Plaintiff-Appellant,**

v.

**Harry PINELL, Jr., Defendant-Appellee.**

No. 76–3609.

United States Court of Appeals, Fifth Circuit.

July 2, 1979.

---

Stanford B. Gauthier, II, Breux Bridge, La., for plaintiff-appellant.

Patrick L. Burke, Mat N. Gray, III, New Orleans, La., for defendant-appellee.

Before RONEY, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

On February 14, 1975, the appellant, Carl Michael Smith, then a sixteen-year-old minor, sustained an injury to his right leg while working off the coast of Louisiana aboard the shrimp boat MISS ELOIS owned by the appellee, Harry Pinell, Jr. This injury resulted in the amputation of Smith's leg above the knee. Smith, Pinell, and Pinell's insurers subsequently reached a settlement of all Smith's claims arising out of the accident. Because Smith was an unmarried minor, the parties deemed it necessary to commence tutorship proceedings in Louisiana state court in order to complete the settlement. A tutor and undertutrix were appointed by the court to act for Smith, and, on September 2, 1975, the settlement was consummated. Smith's appointed representatives received $37,500 and they joined Smith in giving Pinell and his insurers a complete release.

On April 6, 1976, Smith instituted this action against Pinell claiming damages un-

der the Jones Act[1] for negligence and under the general maritime law for unseaworthiness. Smith demanded a trial by jury. Pinell moved for summary judgment, citing the state court settlement and the release as a complete bar to Smith's claim. Smith resisted the motion on the ground that the settlement and release were void, having been obtained by fraud. The district court found that a genuine issue of material fact was presented on the fraud issue and denied the motion for summary judgment. Record, vol. I, at 72–73. Pinell then moved the court to stay further proceedings in the case until Smith returned to Pinell the $37,500 proceeds of the settlement. The district court, relying on Louisiana authority which precludes an action to rescind a settlement for fraud absent a return of the settlement proceeds, granted Pinell's motion and stayed further prosecution of the case. *Id.* at 102–03. From the court's stay order this appeal was taken.

 A Jones Act plaintiff is entitled to the rights inuring to a railroad employee under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1976). *See generally* G. Gilmore & C. Black, *The Law of Admiralty* § 6–26 (2d ed. 1975). An FELA plaintiff, who has been induced by fraud to settle a claim for personal injuries incurred in the course of employment activity covered by the FELA, is not required as a condition precedent to prosecuting his claim in court to return the settlement proceeds to his railroad employer. *Hogue v. Southern Railway Co.*, 390 U.S. 516, 517, 88 S.Ct. 1150, 1151–52, 20 L.Ed.2d 73 (1968) (per curiam). The congressional policy favoring unburdened and expeditious recovery by covered railroad employees is thought to be better advanced by allowing the FELA action to go forward and by having the "sum paid [under the previous settlement] . . . deducted from any award determined to be due to the injured employee," *id.* at 518, 88 S.Ct. at 1152, than by requiring the employee to return the settlement proceeds before prosecuting his claim. We perceive no sound policy reason for according different treatment to a Jones Act plaintiff, such as Smith in this case. Nor do we see any justification for qualifying a seaman's rights under the Jones Act by incorporating a state's substantive law governing an action for rescission as the district court did here. *See Alcoa Steamship Co. v. Charles Ferran & Co.*, 383 F.2d 46, 50 (5th Cir. 1967), *cert. denied*, 393 U.S. 836, 89 S.Ct. 111, 21 L.Ed.2d 107 (1968). In our view, the entry of the stay order was manifest error.

 Pinell contends that we are powerless to correct the error now because we lack jurisdiction to entertain this appeal. We find that we have jurisdiction under 28 U.S.C. § 1292(a)(1) (1976), which, *inter alia*, empowers courts of appeal to review interlocutory orders of district courts granting injunctions. We have said that "[a]n order staying . . . proceedings in the District Court is [an injunction and thus] appealable under § 1292(a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; and (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim." *Jackson Brewing Co. v. Clarke*, 303 F.2d 844, 845 (5th Cir.) (footnote omitted), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962). Smith's Jones Act negligence claim was framed as, in the words of the act, "an action for damages at law;" a jury trial was demanded both on that claim and the allegations of unseaworthiness under maritime law. Smith did not pursue the option available to him by Fed.R.Civ.P. 9(h) to cast his suit in admiralty.[2] Consequently, we

---

1. The Jones Act, 46 U.S.C. § 688 (1976), provides in pertinent part:

 *Recovery for injury to or death of seaman.*
 Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply . . . .

2. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1227, at 164–65 (1969). Smith's complaint does allege that "[t]his is a case of Admiralty and Maritime Jurisdiction." Record, vol. I, at 1. Such an allegation is

are not concerned with the question of the appealability of a stay order entered in an admiralty cause. *See Schoenamsgruber v. Hamburg American Line*, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935).

The stay order entered by the district judge in the proceedings below clearly possesses all of the characteristics of appealability contemplated by the test laid down in *Jackson Brewing Co.* Here, the district judge did not stay the prosecution of the plaintiff's law action temporarily, simply to permit the equitable issue to be tried to the court first; rather, the court barred the prosecution of the plaintiff's claim altogether. And the court erected the bar after deciding, on motion for summary judgment, that the reason for the bar (the prior settlement) was of questionable validity.[3] Were there any doubt as to our jurisdiction to review the stay order under section 1292(a)(1), we think we would be fully justified under established precedent in this circuit to consider Smith's appeal to be in the nature of a petition for writ of mandamus and, finding a clear abuse of discretion as we do, to issue the writ forthwith. *See, e. g., Hines v. D'Artois*, 531 F.2d 726, 732 (5th Cir. 1976).

The stay order appealed from is accordingly VACATED and the cause is REMANDED to the district court for further proceedings.

VACATED AND REMANDED.

insufficient to invoke rule 9(h) and thus designate this an action in admiralty. *Banks v. Hanover S. S. Corp.*, 43 F.R.D. 374, 376–77. (D.Md.1967).

3. It should be noted that an answer has yet to be filed in this case. The fact of the settlement and release and the contention that they were obtained by fraud were developed by the parties in litigating the summary judgment motion. It is unnecessary for us to conjecture whether a formal answer by Pinell setting out the settlement and release and Smith's reply alleging fraud, Fed.R.Civ.P. 8(c), would frame issues not reachable by Smith's jury trial demand.