958 F.2d 1036
 58 Fair Empl.Prac.Cas. (BNA) 1019,
58 Empl. Prac. Dec. P 41,450, 60 USLW 2673
 Vernal FORBUS, Earl J. Beacham, Rudolph Caddell, Frank R.
Davis, Vernie Rhodes, Jr., Plaintiffs-Appellees,
v.
SEARS ROEBUCK & COMPANY, Defendant-Appellant.
Vernal FORBUS, Earl J. Beacham, Rudolph Caddell, Frank R.
Davis, Vernie Rhodes, Jr., Plaintiffs-Appellants,
v.
SEARS, ROEBUCK & COMPANY, Defendant-Appellee.
 Nos. 91-7358, 91-7479.
 United States Court of Appeals,
Eleventh Circuit.
 April 20, 1992.
 
 Cabaniss, Johnston, Gardner, Dumas & O'Neal, William A. Robinson & R. Taylor Abbott, Jr., Birmingham, Ala., S. Richard Pincus, Fox & Grove, Joshua D. Holleb, Steven L. Gillman, Chicago, Ill., for defendant-appellant.
 William C. Knight, Jr., Burr & Forman, J. Patrick Logan, Birmingham, Ala., for plaintiffs-appellees.
 Appeals from the United States District Court for the Northern District of Alabama.
 Before COX and DUBINA, Circuit Judges and GODBOLD, Senior Circuit Judge.
 DUBINA, Circuit Judge:
 
 
 1
 In Case No. 91-7358, Sears, Roebuck & Company ("Sears") appeals the district court's order denying Sears' motion for reconsideration of the denial of summary judgment on the issue of whether Vernal Forbus, Earl J. Beacham, Rudolph Caddell, Frank R. Davis, and Vernie Rhodes, Jr. (collectively referred to as "the Retirees"), have waived suit against Sears pursuant to releases they executed upon retirement. In Case No. 91-7479, the Retirees appeal the district court's order granting summary judgment in favor of Sears on all of the Retirees' state law claims. For the reasons which follow, we affirm the district court's order in Case No. 91-7358, and affirm in part and reverse in part the district court's order granting summary judgment in Case No. 91-7479.
 
 I. FACTUAL BACKGROUND
 
 2
 The Retirees were employed by Sears at a Retail Distribution Center ("RDC") in Birmingham, Alabama. In the fall of 1989, the Retirees were informed that Sears planned to convert the RDC into a Home Delivery Center ("HDC"), which would substantially reduce the number of jobs available. A severance incentive package ("the package") was offered to encourage voluntary severance. Acceptance of the package required execution of a release and waiver which precluded the retiring employee from bringing any action against Sears as a result of termination from employment with Sears. Each Retiree accepted the package, retired early, and received the promised severance benefits, which were more substantial than the benefits would have been had the Retiree not elected the package.
 
 
 3
 Thereafter, Sears changed its restructuring plans advising the remaining employees that instead of an HDC the RDC would be converted to a Cross-Dock Center, which required a work force somewhere in-between that needed for an RDC or HDC. All Retirees except Beacham asked for their jobs back, but were informed that no jobs were available. The Retirees then filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that they accepted their packages and executed the releases under duress, and that misrepresentations were made to them by Sears. None of the Retirees has tendered his severance payments back to Sears. Instead, each has offered to offset any award received in his lawsuit by the amount of severance benefits accepted.
 
 
 4
 The Retirees' complaint alleges a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., as amended ("ADEA"), and several state law claims, including breach of contract and fraud. Sears filed a motion for summary judgment based upon the Retirees' failure to unconditionally tender back the severance payments, arguing that even if questions of fact existed concerning the validity of the releases because of fraud and duress, the Retirees ratified the releases by retaining the benefits. The district court denied Sears' motion on the grounds that genuine issues of material fact existed and that the Retirees' offer to offset any award was sufficient tender. Sears filed a motion asking the district court to certify its order for interlocutory appeal; it was denied. Shortly thereafter, the Fifth Circuit issued its opinion in Grillet v. Sears, Roebuck & Co., 927 F.2d 217 (5th Cir.1991), which resolved in Sears' favor issues identical to those presented in this case. Sears filed a motion asking the district court to reconsider its order denying summary judgment in light of Grillet; it was denied. Sears then perfected its appeal to this court.
 
 
 5
 Sears also filed a motion for partial summary judgment as to each of the Retirees' state law claims.[1] The district court granted that motion in its entirety. The district court found that because the Retirees were at will employees, their breach of contract claims failed and they sustained no recoverable damages even if Sears were guilty of fraud. The district court also found that there was no evidence that Sears manifested a present intent to deceive the Retirees at the time the package was presented to them, and that Alabama does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing in an at will employment contract. The district court certified its order granting summary judgment pursuant to Fed.R.Civ.P. 54(b), from which the Retirees perfected their appeal. The two appeals were then consolidated by this court.
 
 II. SEARS' APPEAL
 A. Jurisdiction
 
 6
 Before discussing the merits of Sears' appeal, we must first determine whether the case is properly before us. Interlocutory orders are not appealable as a general rule. See 28 U.S.C. § 1291. Sears argues, however, that we have jurisdiction to hear its appeal pursuant to the collateral order doctrine, a judicially created exception to 28 U.S.C. § 1291. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The collateral order doctrine is applicable only if the order being reviewed satisfies the following three conditions: "It must 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.' " Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).
 
 
 7
 The Fifth Circuit recently applied the collateral order doctrine to review an interlocutory order denying summary judgment which effectively denied enforcement of a release agreement. See Grillet, 927 F.2d at 219-20. The Second Circuit also applied the doctrine in a similar context when it determined that it had jurisdiction to review an order denying a defendant's motion to enforce a settlement agreement. See Janneh v. GAF Corp., 887 F.2d 432, 434-35 (2d Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990). The Supreme Court has held that the deprivation of a right not to go to trial is effectively unreviewable after final judgment and is immediately appealable. See Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 499-500, 109 S.Ct. 1976, 1978-79, 104 L.Ed.2d 548 (1989). In civil cases, although the Court has not addressed the precise question presented here, it has determined that an immediate appeal may be taken from orders denying motions to dismiss based upon absolute immunity, Nixon v. Fitzgerald, 457 U.S. 731, 742-43, 102 S.Ct. 2690, 2697-98, 73 L.Ed.2d 349 (1982), or qualified immunity, Mitchell v. Forsyth, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814-15, 86 L.Ed.2d 411 (1985), as well as orders denying motions to compel arbitration, Moses H. Cone Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 11, 103 S.Ct. 927, 934, 74 L.Ed.2d 765 (1983).
 
 
 8
 We agree with the Fifth and Second Circuits that the collateral order doctrine should be applied to review an interlocutory order which denies enforcement of an agreement to forego litigation. We must now determine whether the order from which Sears appeals meets the requirements for review.
 
 
 9
 To meet the first requirement, the order must have been entered as "the final word on the subject addressed." Moses H. Cone Hosp., 460 U.S. at 12-13 n. 14, 103 S.Ct. at 935 n. 14. The district court's denial of Sears' motion to reconsider was intended to be the final word on whether Sears could avoid litigation on the basis of the releases, so the first requirement is satisfied.
 
 
 10
 To meet the second requirement, the facts and issues involving ratification of the releases must be separate and distinct from the facts and issues involving the Retirees' underlying ADEA claims. Since the issue of ratification is not related to the ADEA claims, the second requirement is satisfied.
 
 
 11
 The third requirement is also satisfied. The essence of Sears' claim regarding ratification is that it contracted for the right to avoid being sued by the Retirees.
 
 
 12
 After considering the foregoing, we are persuaded that the collateral order doctrine vests this court with jurisdiction to review the merits of Sears' appeal.
 
 B. Ratification
 
 13
 We now consider whether the Retirees have ratified the releases by retaining the benefits received thereunder. We review this issue de novo. Akins v. Snow, 922 F.2d 1558, 1560 (11th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2915, 115 L.Ed.2d 1079 (1991). The district court's conclusions of law on summary judgment are subject to the same standard of appellate review as any question of law raised on appeal. Morrison v. Washington County, Alabama, 700 F.2d 678, 682 (11th Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983), modified on other grounds, Helicopter Support Systems, Inc. v. Hughes Helicopter, Inc., 818 F.2d 1530 (11th Cir.1987).
 
 
 14
 Sears argues that even if the releases were tainted by misrepresentation or duress, the Retirees ratified them as a matter of law by accepting the benefits of the bargain. Sears insists that the Retirees cannot be allowed to retain the severance benefits at the same time they deny Sears the benefit of its bargain by maintaining this lawsuit. The Retirees contend that the tender back of their severance benefits is not an absolute requirement.
 
 
 15
 The district court based its determination that the Retirees' tender was sufficient under Alabama law. In that respect, the district court was in error. In Hogue v. Southern Ry. Co., 390 U.S. 516, 88 S.Ct. 1150, 20 L.Ed.2d 73 (1968), which involved a suit under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("FELA"), the Supreme Court held that "[t]he question whether a tender back of the consideration was a prerequisite to the bringing of the suit is to be determined by federal rather than state law." 390 U.S. at 517, 88 S.Ct. at 1151. Although Hogue involved FELA claims, we find Hogue's reasoning persuasive regarding the application of federal law to the ADEA claims presented in the instant case. See also Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503, 1516-17 (11th Cir.1985) (federal common law governs the impact of agreements involving federal law claims).
 
 
 16
 The Supreme Court proceeded in Hogue to reject the tender requirement in FELA lawsuits. The Court held that tender of consideration was not only excused where fraud was involved in the execution of a release, but also was not required in the event of a mutual mistake. The Court also held that a rule which required a refund would be incongruous with the general policy of the FELA. One district court has relied on Hogue to reject tender requirements in an ADEA case. See Isaacs v. Caterpillar, Inc., 765 F.Supp. 1359 (C.D.Ill.1991). Other courts have applied Hogue to reject tender requirements in cases involving other federal remedial statutes. See, e.g., Smith v. Pinell, 597 F.2d 994, 996 (5th Cir.1979) (Jones Act); Wahsner v. American Motors Sales Corp., 597 F.Supp. 991, 998 (E.D.Pa.1984) (Automobile Dealers' Day in Court Act).
 
 
 17
 Two other circuits have examined the ratification question presented here and held that a releasor's retention of benefits, after learning that a release is voidable, constitutes a ratification of the release. O'Shea v. Commercial Credit Corp., 930 F.2d 358, 362-63 (4th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 177, 116 L.Ed.2d 139 (1991); Grillet, 927 F.2d at 220.[2] In neither case, however, did the court consider the Hogue decision. We can find no basis for rejecting the Supreme Court's reasoning in Hogue and not applying it to ADEA claims as well as FELA claims. Both are remedial statutes designed to protect employees. We agree with, and find persuasive, the reasoning set forth in Isaacs that explains public policy considerations supporting our determination that the Retirees should not be required to tender their retirement benefits back to Sears as a prerequisite to the maintenance of their lawsuit. 765 F.Supp. at 1366-68.
 
 
 18
 The Court in Hogue found that a tender requirement would deter meritorious challenges to releases in FELA lawsuits. The same deterrence factor applies to ADEA claims. Forcing older employees to tender back their severance benefits in order to attempt to regain their jobs would have a crippling effect on the ability of such employees to challenge releases obtained by misrepresentation or duress. Such a rule would, in our opinion, encourage egregious behavior on the part of employers in forcing certain employees into early retirement for the economic benefit of the company. The ADEA was specifically designed to prevent such conduct, and we reject a tender requirement as a prerequisite to instituting a challenge to a release in an ADEA case. As the Supreme Court decided in Hogue, unless the release otherwise bars recovery, the benefits paid "shall be deducted from any award determined to be due to the injured employee." 390 U.S. at 518, 88 S.Ct. at 1152.
 
 
 19
 We conclude that, as a matter of federal law, ADEA plaintiffs are not required to tender the consideration received for releases as a condition prerequisite to challenging those releases in court, and that the Retirees' retention of their severance benefits during the pendency of this lawsuit does not constitute ratification of those releases. We therefore affirm the district court's order denying Sears' motion for reconsideration of the denial of its motion for summary judgment.
 
 III. THE RETIREES' APPEAL
 
 20
 In any appeal from an order granting summary judgment, this court's review is plenary, and we apply the same legal standards as those that controlled the district court in determining whether summary judgment is appropriate. Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir.1990). We must also review a district court's interpretation of state law de novo. Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).
 
 
 21
 The Alabama courts have consistently adhered to the principle that at will employment contracts can be terminated by either party with or without cause or justification. Hinrichs v. Tranquilaire Hosp., 352 So.2d 1130, 1131 (Ala.1977). An at will employee in Alabama can be discharged for any reason, regardless of whether the employer's motive is reasonable, unreasonable, justified, unjustified, indifferent, malicious, or even illegal. Id.; Jones v. Ethridge, 497 So.2d 1107 (Ala.1986); Williams v. Killough, 474 So.2d 680 (Ala.1985); Reich v. Holiday Inn, 454 So.2d 982 (Ala.1984). Furthermore, Alabama does not recognize an independent tort action for bad faith breach of an employment contract. Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725, 738 (Ala.1987). Accordingly, we affirm that portion of the district court's order granting summary judgment in favor of Sears on the Retirees' claims for breach of their existing employment contracts and breach of the covenant of good faith.[3]
 
 
 22
 The district court also granted summary judgment in favor of Sears on the Retirees' claims for misrepresentation, suppression of material facts, and fraudulent inducement to terminate their employment ("the fraud claims"), relying on Salter v. Alfa Ins. Co., 561 So.2d 1050 (Ala.1990). In Salter, the court upheld the termination of an at will employee and rejected the employee's fraud claim, holding that even if the elements of actionable fraud based on a misrepresentation to the plaintiff were proven, the fraud claim must fail because the plaintiff suffered no damages as a consequence of her at will status. We find, however, that the employment at will doctrine does not control the Retirees' fraud claims; therefore, Salter is not dispositive of these claims.
 
 
 23
 Certainly the Retirees were at will employees before their retirement. Had Sears fired them, they would have had no cause of action for either breach of contract or fraud as a result of the termination of the employment relationship. In this case, however, Sears made a new arrangement with the Retirees prior to their termination in which Sears agreed to provide enhanced severance benefits in return for the Retirees' agreement to execute releases and waivers. It is this supplemental contract, offered by Sears and accepted by the Retirees, that the Retirees say they were fraudulently induced to enter and about which they claim misrepresentations were made and facts suppressed.[4] The Retirees employment at will status that existed prior to this supplemental contract is only relevant to explain why the new arrangement was offered and accepted.
 
 
 24
 The Retirees rely on Smith v. Reynolds Metals Co., 497 So.2d 93 (Ala.1986) in support of their argument that they should be allowed to maintain their fraud claims. In Reynolds, the court upheld the entry of summary judgment for Reynolds on the plaintiff's breach of contract claim on the basis of the employee at will doctrine, but reversed the entry of summary judgment on the plaintiff's misrepresentation claim. The claim alleged misrepresentations were made to the plaintiff about her employment status, i.e., that she was not hired as an employee at will, but one employed for the specified term of a summer. The court held that this claim was not an attempt to get around the bar of suit on the basis of termination of employment status, but rather, was a claim that the plaintiff was fraudulently misled into believing that she would not be an employee at will. This is a collateral matter, like the new contract for severance in the present case. We agree with the court's analysis in Reynolds, and find that it is controlling in the instant case. We therefore reverse that portion of the district court's order granting summary judgment in favor of Sears on the Retirees' fraud claims.
 
 IV. CONCLUSION
 
 25
 We affirm the district court's order in Case No. 91-7358. We affirm the district court's order in part in Case No. 91-7479 relative to the breach of contract and breach of the covenant of good faith claims, but reverse that portion of the order granting summary judgment as to the Retirees' fraud claims and remand the case for further proceedings consistent with this opinion.
 
 
 26
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 COX, Circuit Judge, dissenting:
 
 27
 The majority concludes that this court has jurisdiction over Sears's appeal from the district court's order denying summary judgment based upon the collateral order doctrine. Because I believe that the collateral order doctrine is not applicable, I respectfully dissent.
 
 
 28
 Ordinarily, interlocutory orders are not appealable. See 28 U.S.C. § 1291. The Supreme Court recognized a narrow exception to this rule in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Cohen established the collateral order doctrine, which provides that an interlocutory order may be appealed if it conclusively determines the disputed question, resolves an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from a final judgment. See, e.g., Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985).
 
 
 29
 Sears argues that the Plaintiffs executed valid releases of all claims in exchange for generous severance benefits. Based upon these releases, Sears asserted a right not to be sued by the Plaintiffs and moved for summary judgment. The district court denied summary judgment. The majority holds that this court has jurisdiction to review the district court's order denying Sears's motion for summary judgment because the order 1) conclusively determined Sears's right to avoid litigation based upon the releases, 2) resolved an important question separate and distinct from the merits of the ADEA claims, and 3) is effectively unreviewable on appeal from final judgment because the litigation will already have taken place. See supra at 1039.
 
 
 30
 The majority's conclusion is supported by two decisions from other circuits. See Grillet v. Sears, Roebuck & Co., 927 F.2d 217 (5th Cir.1991) (exercising jurisdiction based on the collateral order doctrine under circumstances almost identical to the case at bar); Janneh v. GAF Corp., 887 F.2d 432 (2d Cir.1989) (applying the collateral order doctrine to review district court's refusal to enforce settlement agreement which plaintiff allegedly breached by maintaining his lawsuit). While these cases are on point, their holdings violate the Supreme Court's mandate that the collateral order doctrine be construed narrowly.
 
 
 31
 I find two recent Supreme Court decisions to be instructive. In Midland Asphalt Corp. v. United States, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989), the Court held that a criminal defendant was not entitled to an interlocutory appeal from the district court's order denying a motion to dismiss a grand jury indictment on the ground that the prosecution had engaged in illegal public disclosure. It rejected the defendant's claim (which was similar to the claim in this case) that it had a right not to be tried and thereby satisfied the three requirements of the Cohen collateral order doctrine. "A right not to be tried in the sense relevant to the Cohen exception rests upon an explicit statutory or constitutional guarantee that trial will not occur--as in the Double Jeopardy Clause ... or the Speech or Debate Clause...." Id. at 801, 109 S.Ct. at 1499 (citations omitted) (emphasis added).
 
 
 32
 In Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989), a civil case, the Supreme Court affirmed the Second Circuit's refusal to hear an interlocutory appeal from the district court's order denying a motion to dismiss based upon a forum selection clause. The Court noted that the defendant had bargained for and received the right not to be sued except in Italy. Nevertheless, the Court held that:
 
 
 33
 Petitioner's claim that it may be sued only in Naples, while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage--surely as effectively vindicable as a claim that the trial court lacked personal jurisdiction over the defendant--and hence does not fall within the third prong of the collateral order doctrine.
 
 
 34
 Id. at 501, 109 S.Ct. at 1979.
 
 
 35
 Justice Scalia's concurring opinion in Lauro Lines is particularly instructive.
 
 
 36
 While it is true ... that the "right not to be sued elsewhere than in Naples" is not fully vindicated--indeed, to be utterly frank, is positively destroyed--by permitting the trial to occur and reversing its outcome, that is vindication enough because the right is not sufficiently important to overcome the policies militating against interlocutory appeals. We have made that judgment when the right not to be tried in a particular court has been created through jurisdictional limitations established by Congress or international treaty.... The same judgment applies--if anything, a fortiori--when the right has been created by private agreement.
 
 
 37
 Id. at 502-03, 109 S.Ct. at 1980.
 
 
 38
 I conclude that Sears's asserted right not to be sued based upon private agreements--the releases entered into by the Plaintiffs--is not sufficiently important to justify an interlocutory appeal.
 
 
 39
 The policies underlying the general rule that interlocutory orders are not appealable are important. The majority's approach creates yet another category of cases where interlocutory appeals are permitted. I would not create an exception for cases like this one.
 
 
 40
 I would hold that this court does not have jurisdiction over Sears's appeal.
 
 
 
 [1]
 Sears' motion for summary judgment did not include the Retirees' ADEA claims, which remain pending before the district court and are not at issue in this appeal
 
 
 [2]
 In Cumberland & Ohio Co. of Texas, Inc. v. First American Nat'l Bank, 936 F.2d 846, 850 (6th Cir.1991), the Sixth Circuit held that generally, a releasor who retains consideration after learning that a waiver and release is voidable effectively ratifies the release, citing Grillet v. Sears, Roebuck & Co., 927 F.2d 217 (5th Cir.1991). Cumberland was not an employment case, however, nor were ADEA claims a factor as they are in the case before us
 
 
 [3]
 The Retirees argue that material issues of fact remain which should have prevented the district court from entering summary judgment on their state law claims. We find no material factual disputes as to the breach of contract or bad faith claims which would require resolution at trial; therefore, we see no merit to the Retirees' argument as to those claims
 
 
 [4]
 The Retirees also allege that Sears breached this supplemental contract by "not providing [the Retirees] time to consider acceptance of the contract or consult with an attorney regarding the effect of accepting the contract." (Retirees' complaint p 36.) Even accepting these allegations as true, we do not find them sufficient to make out a claim for breach of the supplemental contract. Sears performed fully its obligations within the four corners of the supplemental contract. It delivered all promised consideration. The Retirees' allegations relate specifically to the elements surrounding the contract's formation, not its breach. Thus, the district court correctly granted summary judgment in favor of Sears on the Retirees' claim for breach of the supplemental contract