**Paul PITRE**

v.

**PENROD DRILLING CORPORATION.**

**Civ. A. No. 91–1317.**

United States District Court,
E.D. Louisiana.

May 28, 1992.

Joseph J. Weigand, Jr., Weigand, Weigand & Meyer, Houma, for plaintiff.

Alan K. Breaud, Jacqueline Meier Panagiotis, Roy, Carmouche, Bivins, Judice, Henke & Breaud, Lafayette, for defendant.

CHARLES SCHWARTZ, Jr., District Judge.

Before the Court is defendant's ("Penrod") Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) for failure to state a claim. The gravamen of Penrod's motion is that the plaintiff, Paul Pitre ("Pitre") compromised any and all claims he had against it and executed a Receipt and Release on October 26, 1990 to that effect.[1] Penrod further contends that this case involving a seaman's release is obviated by the Louisiana doctrine of accord and satisfaction, since Pitre has failed to tender back settlement proceeds, a condition precedent to prosecuting the instant action.[2] Further, Penrod contends that the same result would obtain under the Fifth Circuit's pronouncement in *Panama Agencies Co. v. Franco*, 111 F.2d 263 (5th Cir. 1940).[3]

Pitre filed formal opposition wherein he contends that Louisiana law does not apply to his "Seaman's Suit" filed pursuant to the Jones Act and the General Maritime Law. Pitre has not sued to rescind the compromise, nor does he deny that he effected a settlement of all claims arising out of the subject accident. However, Pitre does attack the settlement itself, claiming *inter alia:* (1) as a seaman he was not represented by counsel at the time of the signing of the release documents in the presence of Penrod's counsel; and (2) Penrod promised that he could return to work for Penrod if he signed the settlement papers and at no time informed him he would never be hired back by Penrod. Pitre does not dispute the fact that he has not returned the settlement funds paid to him by Penrod.

The matter was set for oral hearing on May 27th, 1992 but was submitted on the briefs.

As plaintiff points out in memorandum, his suit is a "seaman's suit." Indeed the fate of the defendant's motion to dismiss depends on the Court's determination of what law applies.[4] In the event that the Court determines that it should adopt Louisiana law to "fill in any gap" in the law, the Court would never reach the merits (i.e., overreaching and the validity of the release) as plaintiff has not complied with Louisiana law which requires that he tender back or disgorge the benefits received pursuant to the compromise agreement. However, for the reasons set forth herein below the Court has determined that federal law unsupplemented by state law applies to the instant case, and thus, plaintiff, a seaman, is not required to disgorge settlement proceeds as a condition precedent to prosecuting the instant claim.

As set forth in *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 324, 112 L.Ed.2d 275 (1990), "the Jones Act establishes a uniform system of seaman's tort law parallel to that available to employees of interstate railway carriers under FELA." *Id.*

The Fifth Circuit in *Smith v. Pinell*, 597 F.2d 994, 996 (5th Cir.1979) (*per curiam*), has succinctly addressed the precise issue before the Court in the instant case. The plaintiff in *Smith* instituted the action against Pinell claiming damages under the Jones Act for negligence and under the

---

1. See, Receipt and Release, Affidavit and Certificate (Penrod Exh. "2").

2. Penrod cites *Ackerman v. McShane*, 43 La. Ann. 507, 9 So. 483 (La.1891) for the proposition that a plaintiff cannot supplement the amount he or she received pursuant to compromise agreement by filing suit seeking judgment for an additional amount, rather such a plaintiff is required to file an action in rescission and tender back the benefits received. The *Ackerman* court held that as long as the plaintiff retains the consideration, and does not offer return of the benefits received pursuant to the compromise agreement, he is estopped.

3. In *Franco*, the Fifth Circuit stated a general premise of contract law, that "when one has been induced by fraud to enter into a contract, he must ordinarily on discovery of the fraud promptly elect whether he will affirm or disaffirm the contract, and if the latter return what he received if of any value." 111 F.2d at 266. The plaintiff in *Franco*, a stevedore, sued for damages he sustained while unloading a ship in the Canal Zone.

4. The issue of overreaching in the instant case is disputed and the validity of a seaman's release is unquestionably a jury issue.

general maritime law for unseaworthiness. Smith demanded trial by jury and Pinell moved for summary judgment, citing the state court settlement as a complete bar to Smith's claim. Smith resisted the motion on the ground that the settlement and release were void, having been obtained by fraud.[5] The district court found that a genuine issue of material fact was presented on the fraud issue and denied the motion for summary judgment. Then on Pinell's motion, the district court stayed further proceedings in the case until Smith returned the settlement proceeds. *Id.* at 996.

Smith appealed the district court's stay order. The Fifth Circuit held that the entry of the stay order was manifest error, for the reasons reiterated herein below.

A Jones Act plaintiff is entitled to the rights inuring to a railroad employee under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1976). *See generally,* G. Gilmore & C. Black, *The Law of Admiralty,* § 6–26 (2d ed.1975). A FELA plaintiff, who has been induced by fraud to settle a claim for personal injuries incurred in the course of employment activity covered by the FELA, is not required as a condition precedent to prosecuting his claim in court to return the settlement proceeds to his railroad employer. *Hogue v. Southern Railway Co.,* 390 U.S. 516, 517, 88 S.Ct. 1150, 1151–52, 20 L.Ed.2d 73 (1968) (*per curiam*). The congressional policy favoring unburdened and expeditious recovery by covered railroad employees is thought to be better advanced by allowing the FELA action to go forward and by having the "sum paid [under the previous settlement] ... deducted from any award determined to be due to the injured employee," *id.* at 518, 88 S.Ct. at 1152, than by requiring the employee to return the settlement proceeds before prosecuting his claim. We perceive no sound policy reason for according different treatment to a Jones Act plaintiff, such as Smith in this case. Nor do we see any justification for qualifying a seaman's rights under the Jones Act by incorporating a state's substantive law governing an action for rescission as the district court did here. *See, Alcoa Steamship Co. v. Charles Ferran & Co.,* 383 F.2d 46, 50 (5th Cir.1967), *cert. denied,* 393 U.S. 836, 89 S.Ct. 111, 21 L.Ed.2d 107 (1968).

*Smith,* 597 F.2d at 996 [emphasis supplied].

The *Smith* case is apposite both *sub judice* and on its facts, and thus, controls the disposition of the instant Motion to Dismiss.[6] Accordingly, and for all of the above and foregoing reasons,

IT IS ORDERED that the defendant Penrod's Motion to Dismiss be and it is hereby DENIED.

---

**5.** In the case at bar, Pitre resists Penrod's motion on the grounds that Penrod promised that if he signed the settlement documents he could go back to work for Penrod (i.e., a fraudulent misrepresentation). Penrod did not put Pitre back to work.

**6.** The Court's ruling regarding the plaintiff's Jones Act claim is dispositive and thus, pretermits any discussion as to whether a tender of settlement proceeds would be required as a condition precedent to prosecution of a claim pursuant solely to the General Maritime Law. The Court specifically does not address that issue.