**TRANSTECH INDUSTRIES, INC., a Delaware Corporation; Kin–Buc, Inc., a New Jersey Corporation; and Filcrest Realty, Inc., a New Jersey Corporation**

v.

**A & Z SEPTIC CLEAN; AAA Tank; A Alfante; ABM Disposal Service; AM Environmental; A.E. Stanley Manufacturing Company; Absolute Fire Protection, Inc.; Accurate Forming; Active Oil Service; Adchem Corp.; Adron, Inc.; Aero Nutronics Ford; Aetna Chemical Corporation; Air Products & Chemicals, Inc.; AKZO Chemicals, Inc.; Alcan Aluminum Corporation; Alcolac Inc.; All County Septic; All County Service Corp.; Allied–Signal Inc.; Alpha Metals, Inc.; Amer. Book Stratford; Amerada Hess Corp.; American Cyanamid Co.; American Products Co., Inc.; American Standard Inc.; American Trailer; Anchor Motor Freight; Andy Fiore & Sons; ARCO Petroleum Products; ASARCO, Inc.; Ashland Oil Inc.; Associated Marble Co.; Astro Pak Corporation; AT & T Technologies, Inc.; ATI, Inc.; Atlas Paints; Automatic Connector, Inc.; Avante Products Corp.; Axton–Cross Co., Inc.; B & L Industrial Service; Bad Pallet Co.; Barclay Cleaning Co.; Bar-** on Blakeslee; Barouh Eaton Allen Corp.; BASF Corp.; Bates Manuf. Co.; Baxter Healthcare Corp.; Baronne Barr. & Drum; Beacon Fast Freight Co., Inc.; Becton, Dickinson and Co.; Bendix Corp.; Benjamin Moore & Co.; Bergen Machine & Tool; Berkeley Chem. Co.; Best Disp. & Drum Serv.; Best Disposal; Best Foods Research Cntr.; BFT; Biddle Sawyer Corp.; Big 3 Truck Plaza; Biocraft Lab. Inc.; BOC Group Inc.; Borden, Inc.; Borg–Warner Chemicals, Inc.; Borough of Wallington; Bostitch Inc.; Brookdale Shop–Rite; Brown Stone Inn; Browning–Ferris Ind. of Eliz., NJ; C & R Trucking, Co.; CPS Chemical Co.; CJR Chemical Co.; CPC Inter'l, Inc.; Cadbury Co.; Can Meg Co.; Carboline Co.; Carpenter Tech. Corp.; Cecos Intern'l, Inc.; Central Jersey Assoc.; Central Jersey Disposal; Cesco Company; Chas. Petzer Inc.; Chem Cleaning Serv.; Chem Trol Pollution; Chemical Control Co.; Chemical Leaman Tank Lines, Inc.; Chemline Corp.; Chemquid Disposal Inc.; Chesebrough–Ponds; Chevron Chemical Co.; Chevron U.S.A. Inc.; Ciba–Geigy Corp.; City Serv. Oil Co.; Clairol, Inc.; Clark Haulers; Clean Water, Inc.; Cleveland Wrecking; Coastal Services, Inc.; Coastal Tank Lines; Coca–Cola Foods; Colgate–Palmolive Co.; Colony Furniture Co.; Columbia Corrugated; Columbian Ribbon; Con–Lux Coatings, Inc.; Continental Can Co., Inc.; Continental Chem Co.; Continental Oil; Cooper Industries, Inc.; Covino's Industrial Disp. Serv., Inc.; Crane & Co., Inc.; Curtis Nuclear; Curtiss–Wright Corp.; Custom Builders; Cus-

---

tom Disposal; D & C Contracting; Dart Industries; Darworth Co.; Data General Corp.; Delco Remy; Deleet Merchandising Corp.; Delmarva Ind. Corp.; Dibella Sanitation; Dock Watch Quarry; Donadia Brothers; Donald Hartman; The Dow Chemical Co.; Drew Chem Corp.; Duane Marine Corp.; Dubois Chemicals, Inc.; Duro–Test Corp.; EJ Gaisser Inc.; E.I. Dupont De Nemours and Co., Inc.; E.R. Squibb & Sons, Inc.; Eastcoast Pollution Control, Inc.; Eastern Ind. Corp.; Eastern Industries; Ecolab, Inc.; Edal Industries, Inc.; Egyptian Lacquer; Elizabeth Disposal; Elmwood Tank & Piping Corp.; Environmental Recovery; Equadorian Line, Inc.; Exxon Corp.; Fette Ford, Inc.; Fisher Scientific Co.; Flextrap; Flintkote Corp.; Flock Industries; Florence Ind. Reconto; Fluid Packaging Co., Inc.; FMC Corp.; Ford Motor Co.; Frank Foglia Jr.; Frank Muggid Builder; Freehold Cartage; Frisch & Co.; Fritszche D & D; FYN Paint & Lacquer; Gaess Environmental Ser.; GAF Corp.; Galaxy Chemical; Ganes Chemicals, Inc.; GATX Terminals Corp.; General Cable Corp.; General Ceramics Inc.; General Electric Co.; General Motors Corp.; Genral Sewer Service; General Warehouse; Glenwali; GM Assembly Div.; Goodall Rubber Co.; Goodyear Tire & Rubber Co.; Gould, Inc.; Greyhound Corp.; Guard All Chemical Co., Inc.; Guardian, Inc.; Gulton Industries, Inc.; H & F Chemical Co.; H & S Chemical Co.; Hardman Inc.; Hatco Chemical Division; Hatfield Wire & Cable; Haven Chem.; Henkel Inc.; Hercules, Inc.; Hexcel Corp.; Hi–Pure Chemicals, Inc.; High Voltage Engin. Corp.; Highway Disposal; Hoechst Celanese Corp.; Hoffmann–La Roche Inc.; Holiday Inn Rest.; Howard Fuel Co.; Howmedica; HPH Construction; Hydrocarbon Research, Inc.; IBM Corp.; ICI Americas Inc.; ICI United States; Ilford Photo Corp.; Imperial Oil Co., Inc.; Importico, Inc.; IND Surplus Chemical Inc.; Industrial Silver Co.; Inmont Chemical; Inmont Corp.; Insflex Co.; Instel Corp.; Inter'l Flavors and Frag., Inc.; Interdata Corp.; Interstate Chem. Co.; Iron Oxide Corp.; ITT Corp.; J. Bass & Co., Inc.; J. Filtresto Sanit.; J.M. Huber Corp.; J.T. Baker, Inc.; Jameco Corp.; Jameco Industries; James P. Horan, Inc.; Jersey Sanitation; John Dusenbery Co., Inc.; John Errico Disposal Co.; John H. Cooney, Inc.; Johnson & Johnson; Johnson Matthey, Inc.; Kay–Fries, Inc.; Kerry Tire; Keuffel & Esser Co.; Key Oil Co.; Knoll Fine Chemical; Koppers Co., Inc.; Kraft Container; KTK Corp.; L & J Drum Co.; L.E. Carpenter & Co.; Lawrence McFadden Co.; Lawson Products, Inc.; Lehand Sales; Lehighton Elec., Inc.; Leksi, Inc.; Leland Industries; Leland Tube Co.; Lever Brothers Co.; Lincoln Metals Products; Linden Motor Frght. Co., Inc.; Liquid Removal Ser.; Lucas Industries, Inc.; Lumas Co.; M & F Chemical Co.; M & T Chemicals, Inc.; Maas & Waldstein; Macarthur Petroleum; Madison Township; Makar Trucking Inc.; Malla Inc.; Mallinckrodt Chem.; Mannon Excav. & Paving Co., Inc.; Marbun Division; Marisol, Inc.; Marpak Assoc.; Marvin Jonas Inc.; Mayco Oil & Chemical; McGillon Excavating; McKays Trucking; The Mearl Corp.; Mercer Rubber; Merck & Co., Inc.; Metro Container Co.; Metrol Oil & Chem. Corp.; Metrol Petro Chem. Co.; Michaels Industrial Disposal; Middlesex Container; Midland Proc., Inc.; Midwest Emery; Millmaster; Mobil Oil Corp.; Monarch Chemical; Monmouth Medical Ctr; Monroe Chemical Corp.; Monsanto Co.; Montval Labs; Morton Thiokol Inc.; Mutpie Trucking; N & N Trucking; N. Amer. Metal & Chem.; National Converters; National Gypsum Co.; National Starch & Chem. Corp.; Nepera, Inc.; Niagara Sanitation Co., Inc.; NL Industries, Inc.; Norton & Son, Inc.; Nutex Corp.; The Nutrasweet Co.; Oakite Products, Inc.; Occidental Chemical Corp.; The Okonite Co.; Olin Corp.; Organon, Inc.; The Ormand Shops, Inc.; Ortho Diagnostics; Pamarco, Inc.; Paquet Oneida, Inc.; Penn Central Corp.; Perk Chemical Co., Inc.; Personal Prod. Co.; Pfizer, Inc.; Pharmac. Labs Inc.; Phelps Dodge Corp.;

Philip A. Hunt Chem.; Pioneer Roofing Co.; Piscataway Disposal; Pitney Bowes, Inc.; Point Pleasant Hospital; Polaroid Corp.; Polymer Materials, Inc.; Pope Chemical Co.; Portfolio One, Inc.; PQ Corporation; Princeton Nurseries; Procedyne Corp.; Procter & Gamble Manf. Co.; Public Serv. Elec. & Gas Co.; PVO International, Inc.; Quaker Chemical Corp.; Quality Container; R & R Sanitation; R.W. Eaken, Inc.; Radiac Research Corp.; Ray Guys Trailer; RCA Corp.; Reagent Chemical & Research; Reichhold Chemicals, Inc.; Reiter Drum & Barrel; Revere Copper & Brass, Inc.; Reynolds Metals Co.; Reheem Manufacturing Co.; Richards Trucking; Riverview Hospital; Rollins Env. Serv. (NJ), Inc.; Rupaco Paper Corp.; Russell Reid Corp.; Russell Reid Co.; Russell–Stanley Corp.; Rutgers–The State University; Rycoline Products, Inc.; S & W Trucking; Sam Trucking Co.; SB Penick Company; SSS Construction; SAB Nife, Inc.; Safety Light Corp.; Safety–Kleen Envirosystems Co.; Samson Tank Cleaning; Sandoz Chemicals Corp.; Santy; Schering Corp.; Scientific Chem. Proc.; Scott Paper Co.; Sealand Envrnmtl.; Sealed Air Corp.; Sen–Dure Products, Inc.; Sequa Corp.; Seton Hall University; Shell Chemical Co.; Shulton Inc. Consumer; Siegfried Chemical; Sika Corp.; Sinclair Valentine; Smith Kline Beckman Corp.; Solvents Distillers; Solvents Recov. Serv. of NJ, Inc.; Southern Calif. Chem. Co., Inc.; Spectraserv, Inc.; St. Barnabas Me. Cntr.; St. Joe Paper Co.; St. Thomas Aquinas Cl.; Staley Chemical Co.; Standard Tank Clean; Standard Tool & Mfg. Co.; Stanley Chemical Co.; The Stanley Works; Starch Container Co.; Starlight Trading; Stauffer Management Co.; Stepan Company; Sun Rise Fashion Inc.; Sybron Transition Corp.; Tappan Tanker; Tau Laboratories; Tenneco Resins, Inc.; Texaco Butadiene Co.; Texaco, Inc.; Textron, Inc.; Time–DC; Tizon Chemical Corp.; Toms River Chem. Corp.; Tuck Industries, Inc.; U.S. Metals Refining; Union Camp Research; Union Carbide Corp.; Union Textile; Uniroyal Chem. Co., Inc.; Unisys Corp.; United Carting; United States Lines; United States Metals Refining Co.; United Technologies Corp.; Universal Sanit.; UOP Chem.; The Upjohn Co.; US Samica Corp.; Vamp Chem; Vanguard Ventron Chemical; Village Cesspool; Vineland Chem. Co., Inc.; W.W. Andress Co.; Wall Trends Inc.; Walter Kidde; Waltz Enterprises; Western Union; Westinghouse Electric Corp.; Weston Chemical; Westron Chemical Co.; White Chemical Corp.; White Rose Tea; Whitmoyer Labs; Winchester Westron; Witco Chemical Co.; Woodstein & Klurman; Z & W Enterprises, Inc.; John Doe (1–500) Standard Spill; Aluminum Billets; Macarthur Petroleum & Solvent Co. Inc.; Central Jersey Cleaners; Clean Spray; James E. McNulty; LCP Chemical & Plastics; Lester Summers; Sand Gravel–Stone Co.; Meadows Facility Post O; Tenneco Chem; Western Chemical Co.; German Shepard; Z & W Mazda; Sybron Chemicals; United States Metal Refining Co.; General Sewer Service,

Mayco Oil & Chemical Company; Astro Pak; AT & T Technologies Inc., by its successor American Telephone and Telegraph Company, Inc.; Biocraft Laboratories, Inc.; Chesebrough–Pond's USA Co.; CPC International, Inc., including Best Foods division and Penick Corporation successor to S.B. Penick Company; Fluid Packaging Co., Inc.; FMC Corporation; Ganes Chemicals, Inc.; General Electric Company; Hexcel Corporation; Huls America Inc.; IBM Corporation; John H. Cooney, Inc.; J.T. Baker, Inc.; Lever Brothers Co.; Marisol, Inc.; Mobil Oil Corp.; Occidental Chemical Corporation; Phelps Dodge Corporation; Procedyne Corporation; Procter & Gamble Manufacturing Company; Reynolds Metals Company; Russell Reid Company; Safety–Kleen Envirosystems Company; Saft Nife, Inc. (sued as SAB Nife Inc.); Sequa Corporation (formerly Sun Chemical Corporation); Siegfried Chemicals; Smithkline Beecham Corporation; Spectraserv, Inc. (formerly Modern Transportation Co.);

Stroh Brewery Company; Sybron Transition Corp.; Sybron Chemicals, Inc., including as trade names Gamlen Chemical and Tanatex; and Witco Corporation (collectively "Settlor–Defendant Appellants"), Appellants.

No. 92–5636.

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit LAR 34.1(a) Aug. 20, 1993.

Decided Sept. 17, 1993.

George M. Newcombe, David B. Smallman, Elizabeth A. Fuerstman, Simpson, Thacher & Bartlett, New York City, Steven L. Lapidus, Robinson, St. John & Wayne, Newark, NJ, for Mayco Oil & Chemical Co., appellant.

Henry B. Fitzpatrick, Stephen P. Chawaga, Fitzpatrick & Tanker, Philadelphia, PA, for Astro Pak, appellant.

Joseph J. Strelkoff, Basking Ridge, NJ, for AT & T Technologies, Inc. by its successor American Tel. and Tel. Co., Inc., appellant.

Stephen P. Kramer, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Biocraft Laboratories, Inc., appellant.

Daniel M. Steinway, Catherine J. Serafin, Carl A. Salisbury, Anderson, Kill, Olick & Oshinsky, Washington, DC, for Chesebrough–Pond's USA Co. and Lever Bros. Co., appellants.

Steven A. Kunzman, Bivona, Cohen, Kunzman, Coley, Yospin, Bernstein & DiFrancesco, Warren, NJ, for CPC Intern. Inc., including Best Foods div. and Penick Corp. successor to S.B. Penick Co., appellant.

Steven J. Eisenstein, Lum, Hoens, Conant, Danzis & Kleinberg, Roseland, NJ, for Fluid Packaging Co., Inc., appellant.

John F. Stillmun, Philadelphia, PA, for FMC Corp., appellant.

Tod W. Read, Edward A. Kurent, Gilberg & Kurent, Washington, DC, for Ganes Chemicals, Inc. and Siegfried Chemical, appellants.

Langley R. Shook, Sidley & Austin, Washington, DC, for General Elec. Co., appellant.

David B. Graham, John W. Kampman, Steven L. Leifer, Howrey & Simon, Washington, DC, for Hexcel Corp., appellant.

George S. Flint, Jackson & Nash, New York City, for Huls America, Inc., appellant.

Ezra D. Rosenberg, Fox, Rothschild, O'Brien & Frankel, Lawrenceville, NJ, James K. Guerin, Senior Counsel, IBM Corp., Stamford, CT, for IBM Corp., appellant.

John A. Boyd, Harris, Dickson, Buermann, Camp, Ashenfelter, Slous & Boyd, Upper Montclair, NJ, for John H. Cooney, Inc., appellant.

Nan Bernardo, Shanley & Fisher, Morristown, NJ, for J.T. Baker, Inc., Marisol, Inc., and Procter & Gamble Mfg. Co., appellants.

Thomas Richichi, Beveridge & Diamond, P.C., Washington, DC, for Mobil Oil Corp., appellant.

Michael M. Gordon, Cadwalader, Wickersham & Taft, New York City, for Occidental Chemical Corp. and Safety–Kleen Envirosystems Co., appellants.

John S. Agar, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for Phelps Dodge Corp., appellant.

James Bickford, Princeton, NJ, for Procedyne Corp., appellant.

Renata M. Manzo, Reynolds Metals Co., Richmond, VA, for Reynolds Metals Co., appellant.

Lila Wynne Williams, Slimm, Dash & Goldberg, Westmont, NJ, for Russell Reid Co., appellant.

William F. Paquin, Haronian, Paquin, Bramley & Harrington, Inc., Warwick, RI, for Saft Nife, Inc. (sued as SAB Nife, Inc.), appellant.

Richard J. Kagan, Leonard & Butler, Parsippany, NJ, for Sequa Corp. (formerly Sun Chemical Corp.), appellant.

Patricia A. Barald, Covington & Burling, Washington, DC, for Smithkline Beecham Corp., appellant.

Max Spinrad, Miele, Cooper, Spinrad & Kronberg, Millburn, NJ, for Spectraserv, Inc. (formerly Modern Transp. Co.), appellant.

Leonard R. Charla, Diane B. Carley, Butzel Long, Detroit, MI, for Stroh Brewery Co. (successor in interest to Jos. Schlitz Brewery Co.) and/or Stroh Container Co., improperly named as Starch Container, appellant.

Donald K. Joseph, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for Sybron Transition Corp. and Sybron Chemicals, Inc., including as trade names Gamlen Chemical and Tanatex, appellants.

Edmund R. Papazian, Witco Corp., New York City, Samuel D. Bornstein, Paramus, NJ, for Witco Corp., appellant.

Dante J. Romanini, Richard M. Cohen, Kozlov, Seaton, Romanini & Brooks, P.C., Cherry Hill, NJ, for Transtech Industries, Inc.; Kin–Buc, Inc.; and Filcrest Realty, Inc., appellees.

Myles E. Flint, Acting Asst. Atty. Gen., Anne S. Almy, Catherine R. McCabe, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for U.S., amicus-appellee.

Before: SCIRICA, NYGAARD, and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this case brought under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), the district court rejected appellants' contention that, having entered into a settlement with the Environmental Protection Agency, they were relieved of responsibility for cleanup expenses incurred by the owners of a landfill. 798 F.Supp. 1079. We conclude that the district court's denial of summary judgment and refusal to enforce a settlement is a collateral order not appealable under the *Cohen* exception. Accordingly, we will dismiss the appeal.

The owners and operators of the Kin–Buc Landfill in New Jersey brought this suit in 1990 seeking contribution for costs incurred in cleaning up that hazardous waste site. The 445 named defendants are generators, transporters, or haulers of hazardous waste who are alleged to be potentially responsible parties liable to plaintiffs for past expenses incurred at the site, as well as for anticipated future costs.

Approximately 200 of the defendants ("settlor-defendants") moved for summary judgment asserting that, as a result of a settlement agreement with the Environmental Protection Agency embodied in a 1988 consent decree, they were not liable to plaintiffs. The district court denied the motion concluding that the consent decree covered only costs incurred by the United States and did not purport to absolve the settlor-defendants from liability for contribution to plaintiffs for their separate expenditures.

Under CERCLA, parties who have "resolved [their] liability to the United States ... in a[ ] ... judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2). The court concluded, however, that the application of that statutory provision was limited by the terms of the settlement agreement and that "[i]n no way was the government absolving defendants from all liability to any other party for the ongoing problems at the site." The court then denied settlor-defendants' request for certification of a controlling question of law under 28 U.S.C. § 1292(b). Approximately 35 of the settlor-defendants have appealed.

Settlor-defendants contend that this Court has jurisdiction under the "collateral order" doctrine articulated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). In that case, the Court defined an exception to the final judgment requirement of 28 U.S.C. § 1291 as a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225.

■ In *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Court listed three criteria that must be present for an interlocutory order to come within *Cohen's* narrow exception to the final-judgment rule. The order must (1) conclusively determine the disputed question; (2) resolve an important issue completely

separable from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Id.* at 468, 98 S.Ct. at 2457.

The Supreme Court has been chary of expanding the *Cohen* exception any further. In *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989), the Court found that an interlocutory order denying enforcement of a contractual forum-selection clause did not satisfy the third requirement of the collateral order doctrine. The Court reiterated its "general rule" that an order is "effectively unreviewable" only if it "involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Id.* at 498–99, 109 S.Ct. at 1978 (internal quotations omitted). That an erroneous ruling may result in additional litigation expense "'is not sufficient to set aside the finality requirement imposed by Congress' [in section 1291]." *Id.* at 499, 109 S.Ct. at 1978 (quoting *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 436, 105 S.Ct. 2757, 2764, 86 L.Ed.2d 340 (1985)).

■ An immunity to civil suit itself is a right that can be lost if not enforced before trial. Consequently, an order rejecting official immunity is immediately appealable, *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), as is one denying effect to the protection of the "Speech or Debate Clause," *Helstoski v. Meanor*, 442 U.S. 500, 506–08, 99 S.Ct. 2445, 2448–49, 61 L.Ed.2d 30 (1979). *See also Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977) (order denying right not to stand trial on double jeopardy grounds is appealable before final judgment).

Although an order denying immunity to suit falls within the narrow confines of the "collateral order" doctrine, that exception may not be allowed to swallow the rule. In *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988), the Court remarked that "in some sense, all litigants who have a meritorious pretrial claim for dismissal can reasonably claim a right not

to stand trial." *Id.* at 524, 108 S.Ct. at 1950. The Court further reasoned:

> "Because of the important interests furthered by the final-judgment rule ... and the ease with which certain pretrial claims for dismissal may be alleged to entail the right not to stand trial, we should examine the nature of the right asserted with special care to determine whether an essential aspect of the claim is the right to be free of the burdens of a trial."

*Id.* at 524–25, 108 S.Ct. at 1951.

In *Van Cauwenberghe,* the Court assumed the validity of defendant's contention that he was immune from service of process, but held, nonetheless, that the district court's denial of his motion to dismiss was not immediately appealable. *Id.* at 524, 108 S.Ct. at 1950. "Because the right not to be subject to a binding judgment may be effectively vindicated following final judgment, we have held that the denial of a claim of lack of jurisdiction is not an immediately appealable collateral order." *Id.* at 527, 108 S.Ct. at 1952.

We have followed the Supreme Court's admonition and "have consistently construed the *Cohen* exception narrowly rather than expansively." *Lusardi v. Xerox Corp.,* 747 F.2d 174, 176–77 (3d Cir.1984); *see also Praxis Properties, Inc. v. Colonial Sav. Bank, s.l.a.,* 947 F.2d 49, 54 (3d Cir.1991); *Demenus v. Tinton 35 Inc.,* 873 F.2d 50, 53 (3d Cir.1989). We considered the problem in *Borden Co. v. Sylk,* 410 F.2d 843 (3d Cir. 1969), observing:

> "We have detected what appears to be an irresistible impulse on the part of appellants to invoke the 'collateral order' doctrine whenever the question of appealability arises. Were we to accept even a small percentage of these sometime exotic invocations, this court would undoubtedly find itself reviewing more 'collateral' than 'final' orders."

*Id.* at 845–46. For a comprehensive review of the collateral order doctrine, see 15A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3911 to 3911.5 (1992).

■ Turning, then, to the issues presented in the case before us, we first consider the factors set out in *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2457. We may assume that the district court's order is final because there is no indication that it was tentative or less than the last word on the settlor-defendants' construction of the consent decree. We have substantial doubts, however, that the issues settlor-defendants raised in defense of appellate jurisdiction under the collateral order doctrine are distinct from the underlying merits of the lawsuit. We need not linger long on this point, however, because it is quite clear that the settlor-defendants' contentions can be raised on direct appeal after final judgment. Therefore, the interlocutory order fails to meet all of the requirements needed to fall within *Cohen*'s narrow exception to the final-judgment rule.

Recognizing that deficiency, settlor-defendants assert that the consent decree grants them immunity from suit, relying on a line of cases holding that interlocutory orders denying enforcement of settlement or release agreements are immediately appealable. *See Forbus v. Sears, Roebuck & Co.,* 958 F.2d 1036, 1039–40 (11th Cir.1992); *Grillet v. Sears, Roebuck & Co.,* 927 F.2d 217, 219–20 (5th Cir.1991); *Janneh v. GAF Corp.,* 887 F.2d 432, 436 (2d Cir.1989); *Towers Hotel Corp. v. Rimmel,* 871 F.2d 766, 769–70 (8th Cir.1989); *cf. Chaput v. Unisys Corp.,* 964 F.2d 1299, 1301 (2d Cir.1992). Those cases are factually distinguishable from the case before us in that they involved disputes over settlement agreements between plaintiffs and defendants. Here, however, the settlement agreement was between settlor-defendants and the EPA—an entity that is not a party to this case. Plaintiffs are not alleged to have reached any agreement with the settlor-defendants on the claim incorporated in the complaint.

More significant, however, is our disagreement with the decisions in *Forbus, Grillet, Janneh* and *Towers.* We believe that they undermine the final-judgment rule and expand the immunity concept beyond that which the Supreme Court has approved. In our view, *Desktop Direct, Inc. v. Digital Equip. Corp.,* 993 F.2d 755 (10th Cir.1993), more closely conforms to the Supreme Court's teaching.

In *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989), the Supreme Court cautioned that one should not "play word games with the concept of a 'right not to be tried.'" *Id.* at 801, 109 S.Ct. at 1499. The Court went on to explain that "[a] right not to be tried in the sense relevant to the *Cohen* exception rests upon an explicit statutory or constitutional guarantee that trial will not occur...." *Id.*

Cases involving claims of official immunity have listed interests that justify permitting freedom from suit, such as "'the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'" *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982)). No such public policy considerations are present in the case at hand.

In *Desktop Direct,* the United States Court of Appeals for the Tenth Circuit declined to review an order vacating a settlement between plaintiff and defendant. The Court concluded that the *Cohen* doctrine should "not be expanded without compelling justification. A claimed right to avoid litigation based on a private contract to that effect does not meet this standard." *Id.* at 760. The Court also observed that it did not "see how a private settlement contract is significantly different from the contracted forum selection clause the Supreme Court refused to enforce through interlocutory appeal in *Lauro Lines.*" *Id.*

Settlor-defendants seek some support from CERCLA, but we are not convinced. Indeed, we note that the language of section 9613(f)(2) supplies another basis for our conclusion that settlor-defendants have no immunity from suit. That section provides that parties settling with the United States "shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2). We believe it is significant that the statute does not include the word "immunity," but merely refers to a party's "liability."

In *Brown v. Grabowski,* 922 F.2d 1097, 1109 (3d Cir.1990), we refused to review an interlocutory order rejecting claims of official immunity based on state law. Although state law conferred immunity from liability, we found no authority that granted immunity from suit as well. *Id.* at 1108.

As the Court pointed out in *Van Cauwenberghe,* undoubtedly there is value to the litigant "'in triumphing before trial, rather than after it.'" 486 U.S. at 524, 108 S.Ct. at 1950 (quoting *United States v. MacDonald,* 435 U.S. 850, 860 & n. 7, 98 S.Ct. 1547, 1552 & n. 7, 56 L.Ed.2d 18 (1978)). Ordinarily, however, the benefits of the final-judgment rule, including discouragement of piecemeal appeals, efficient utilization of judicial resources, and prevention of delay and ultimate disposition, take precedence. *Id.* at 521 n. 3, 524–25, 108 S.Ct. at 1949 n. 3, 1950–51.

If settlor-defendants had a right to an appeal, it would be difficult to deny one to other litigants who can assert the benefit of such affirmative and dispositive defenses as claim or issue preclusion, statute of limitations, lack of subject matter jurisdiction, and the like. In *Powers v. Southland Corp.,* 4 F.3d 223, 236–37 (3d Cir.1993), we held that an order joining a party despite the lapse of the statute of limitations was not appealable as a collateral order. We observed: "While it could be argued that a statute of limitations entails a right not to be sued after the expiration of the limitations period, that contention was rejected by this court in connection with a criminal statute of limitations." *Powers,* 4 F.3d at 232 (citing *United States v. Levine,* 658 F.2d 113, 124–29 (3d Cir.1981)). *Levine* presented an even stronger case for construing the lapse of the statute of limitations as an immunity from prosecution and trial, but nevertheless, this Court held that the *Cohen* exception did not apply. *Levine,* 658 F.2d at 129.

We are persuaded that orders denying summary judgments on claims of immunity from trial based on releases or settlements are not appealable as *Cohen* collateral orders. Consequently, we lack jurisdiction and will dismiss this appeal.

Settlor-defendants have requested us to consider their appeal, in the alternative, as a petition for mandamus. We do so, but deny the petition for failure to assert a cognizable basis for relief.

The appeal will be dismissed without prejudice. The petition for mandamus will be denied.