5 F.3d 51
 24 Envtl. L. Rep. 20,036
 TRANSTECH INDUSTRIES, INC., a Delaware Corporation;
Kin-Buc, Inc., a New Jersey Corporation; and
Filcrest Realty, Inc., a New Jersey Corporation
v.
A & Z SEPTIC CLEAN; AAA Tank; A Alfante; ABM Disposal
Service; AM Environmental; A.E. Stanley Manufacturing
Company; Absolute Fire Protection, Inc.; Accurate Forming;
Active Oil Service; Adchem Corp.; Adron, Inc.; Aero
Nutronics Ford; Aetna Chemical Corporation; Air Products &
Chemicals, Inc.; AKZO Chemicals, Inc.; Alcan Aluminum
Corporation; Alcolac Inc.; All County Septic; All County
Service Corp.; Allied-Signal Inc.; Alpha Metals, Inc.;
Amer. Book Stratford; Amerada Hess Corp.; American
Cyanamid Co.; American Products Co., Inc.; American
Standard Inc.; American Trailer; Anchor Motor Freight;
Andy Fiore & Sons; ARCO Petroleum Products; ASARCO, Inc.;
Ashland Oil Inc.; Associated Marble Co.; Astro Pak
Corporation; AT & T Technologies, Inc.; ATI, Inc.; Atlas
Paints; Automatic Connector, Inc.; Avante Products Corp.;
Axton-Cross Co., Inc.; B & L Industrial Service; Bad
Pallet Co.; Barclay Cleaning Co.; Baron Blakeslee; Barouh
Eaton Allen Corp.; BASF Corp.; Bates Manuf. Co.; Baxter
Healthcare Corp.; Baronne Barr. & Drum; Beacon Fast
Freight Co., Inc.; Becton, Dickinson and Co.; Bendix
Corp.; Benjamin Moore & Co.; Bergen Machine & Tool;
Berkeley Chem. Co.; Best Disp. & Drum Serv.; Best
Disposal; Best Foods Research Cntr.; BFT; Biddle Sawyer
Corp.; Big 3 Truck Plaza; Biocraft Lab. Inc.; BOC Group
Inc.; Borden, Inc.; Borg-Warner Chemicals, Inc.; Borough
of Wallington; Bostitch Inc.; Brookdale Shop-Rite; Brown
Stone Inn; Browning-Ferris Ind. of Eliz., NJ; C & R
Trucking, Co.; CPS Chemical Co.; CJR Chemical Co.; CPC
Inter'l, Inc.; Cadbury Co.; Can Meg Co.; Carboline Co.;
Carpenter Tech. Corp.; Cecos Intern'l, Inc.; Central
Jersey Assoc.; Central Jersey Disposal; Cesco Company;
Chas. Petzer Inc.; Chem Cleaning Serv.; Chem Trol
Pollution; Chemical Control Co.; Chemical Leaman Tank
Lines, Inc.; Chemline Corp.; Chemquid Disposal Inc.;
Chesebrough-Ponds; Chevron Chemical Co.; Chevron U.S.A.
Inc.; Ciba-Geigy Corp.; City Serv. Oil Co.; Clairol,
Inc.; Clark Haulers; Clean Water, Inc.; Cleveland
Wrecking; Coastal Services, Inc.; Coastal Tank Lines;
Coca-Cola Foods; Colgate-Palmolive Co.; Colony Furniture
Co.; Columbia Corrugated; Columbian Ribbon; Con-Lux
Coatings, Inc.; Continental Can Co., Inc.; Continental
Chem Co.; Continental Oil; Cooper Industries, Inc.;
Covino's Industrial Disp. Serv., Inc.; Crane & Co., Inc.;
Curtis Nuclear; Curtiss-Wright Corp.; Custom Builders;
Custom Disposal; D & C Contracting; Dart Industries;
Darworth Co.; Data General Corp.; Delco Remy; Deleet
Merchandising Corp.; Delmarva Ind. Corp.; Dibella
Sanitation; Dock Watch Quarry; Donadia Brothers; Donald
Hartman; The Dow Chemical Co.; Drew Chem Corp.; Duane
Marine Corp.; Dubois Chemicals, Inc.; Duro-Test Corp.; EJ
Gaisser Inc.; E.I. Dupont De Nemours and Co., Inc.; E.R.
Squibb & Sons, Inc.; Eastcoast Pollution Control, Inc.;
Eastern Ind. Corp.; Eastern Industries; Ecolab, Inc.;
Edal Industries, Inc.; Egyptian Lacquer; Elizabeth
Disposal; Elmwood Tank & Piping Corp.; Environmental
Recovery; Equadorian Line, Inc.; Exxon Corp.; Fette Ford,
Inc.; Fisher Scientific Co.; Flextrap; Flintkote Corp.;
Flock Industries; Florence Ind. Reconto; Fluid Packaging
Co., Inc.; FMC Corp.; Ford Motor Co.; Frank Foglia Jr.;
Frank Muggid Builder; Freehold Cartage; Frisch & Co.;
Fritszche D & D; FYN Paint & Lacquer; Gaess Environmental
Ser.; GAF Corp.; Galaxy Chemical; Ganes Chemicals, Inc.;
GATX Terminals Corp.; General Cable Corp.; General
Ceramics Inc.; General Electric Co.; General Motors Corp.;
Genral Sewer Service; General Warehouse; Glenwali; GM
Assembly Div.; Goodall Rubber Co.; Goodyear Tire & Rubber
Co.; Gould, Inc.; Greyhound Corp.; Guard All Chemical
Co., Inc.; Guardian, Inc.; Gulton Industries, Inc.; H & F
Chemical Co.; H & S Chemical Co.; Hardman Inc.; Hatco
Chemical Division; Hatfield Wire & Cable; Haven Chem.;
Henkel Inc.; Hercules, Inc.; Hexcel Corp.; Hi-Pure
Chemicals, Inc.; High Voltage Engin. Corp.; Highway
Disposal; Hoechst Celanese Corp.; Hoffmann-La Roche Inc.;
Holiday Inn Rest.; Howard Fuel Co.; Howmedica; HPH
Construction; Hydrocarbon Research, Inc.; IBM Corp.; ICI
Americas Inc.; ICI United States; Ilford Photo Corp.;
Imperial Oil Co., Inc.; Importico, Inc.; IND Surplus
Chemical Inc.; Industrial Silver Co.; Inmont Chemical;
Inmont Corp.; Insflex Co.; Instel Corp.; Inter'l Flavors
and Frag., Inc.; Interdata Corp.; Interstate Chem. Co.;
Iron Oxide Corp.; ITT Corp.; J. Bass & Co., Inc.; J.
Filtresto Sanit.; J.M. Huber Corp.; J.T. Baker, Inc.;
Jameco Corp.; Jameco Industries; James P. Horan, Inc.;
Jersey Sanitation; John Dusenbery Co., Inc.; John Errico
Disposal Co.; John H. Cooney, Inc.; Johnson & Johnson;
Johnson Matthey, Inc.; Kay-Fries, Inc.; Kerry Tire;
Keuffel & Esser Co.; Key Oil Co.; Knoll Fine Chemical;
Koppers Co., Inc.; Kraft Container; KTK Corp.; L & J Drum
Co.; L.E. Carpenter & Co.; Lawrence McFadden Co.; Lawson
Products, Inc.; Lehand Sales; Lehighton Elec., Inc.;
Leksi, Inc.; Leland Industries; Leland Tube Co.; Lever
Brothers Co.; Lincoln Metals Products; Linden Motor Frght.
Co., Inc.; Liquid Removal Ser.; Lucas Industries, Inc.;
Lumas Co.; M & F Chemical Co.; M & T Chemicals, Inc.;
Maas & Waldstein; Macarthur Petroleum; Madison Township;
Makar Trucking Inc.; Malla Inc.; Mallinckrodt Chem.;
Mannon Excav. & Paving Co., Inc.; Marbun Division;
Marisol, Inc.; Marpak Assoc.; Marvin Jonas Inc.; Mayco
Oil & Chemical; McGillon Excavating; McKays Trucking; The
Mearl Corp.; Mercer Rubber; Merck & Co., Inc.; Metro
Container Co.; Metrol Oil & Chem. Corp.; Metrol Petro
Chem. Co.; Michaels Industrial Disposal; Middlesex
Container; Midland Proc., Inc.; Midwest Emery;
Millmaster; Mobil Oil Corp.; Monarch Chemical; Monmouth
Medical Ctr; Monroe Chemical Corp.; Monsanto Co.; Montval
Labs; Morton Thiokol Inc.; Mutpie Trucking; N & N
Trucking; N. Amer. Metal & Chem.; National Converters;
National Gypsum Co.; National Starch & Chem. Corp.;
Nepera, Inc.; Niagara Sanitation Co., Inc.; NL Industries,
Inc.; Norton & Son, Inc.; Nutex Corp.; The Nutrasweet
Co.; Oakite Products, Inc.; Occidental Chemical Corp.;
The Okonite Co.; Olin Corp.; Organon, Inc.; The Ormand
Shops, Inc.; Ortho Diagnostics; Pamarco, Inc.; Paquet
Oneida, Inc.; Penn Central Corp.; Perk Chemical Co., Inc.;
Personal Prod. Co.; Pfizer, Inc.; Pharmac. Labs Inc.;
Phelps Dodge Corp.; Philip A. Hunt Chem.; Pioneer
Roofing Co.; Piscataway Disposal; Pitney Bowes, Inc.;
Point Pleasant Hospital; Polaroid Corp.; Polymer
Materials, Inc.; Pope Chemical Co.; Portfolio One, Inc.;
PQ Corporation; Princeton Nurseries; Procedyne Corp.;
Procter & Gamble Manf. Co.; Public Serv. Elec. & Gas Co.;
PVO International, Inc.; Quaker Chemical Corp.; Quality
Container; R & R Sanitation; R.W. Eaken, Inc.; Radiac
Research Corp.; Ray Guys Trailer; RCA Corp.; Reagent
Chemical & Research; Reichhold Chemicals, Inc.; Reiter
Drum & Barrel; Revere Copper & Brass, Inc.; Reynolds
Metals Co.; Reheem Manufacturing Co.; Richards Trucking;
Riverview Hospital; Rollins Env. Serv. (NJ), Inc.; Rupaco
Paper Corp.; Russell Reid Corp.; Russell Reid Co.;
Russell-Stanley Corp.; Rutgers-The State University;
Rycoline Products, Inc.; S & W Trucking; Sam Trucking Co.;
SB Penick Company; SSS Construction; SAB Nife, Inc.;
Safety Light Corp.; Safety-Kleen Envirosystems Co.; Samson
Tank Cleaning; Sandoz Chemicals Corp.; Santy; Schering
Corp.; Scientific Chem. Proc.; Scott Paper Co.; Sealand
Envrnmtl.; Sealed Air Corp.; Sen-Dure Products, Inc.;
Sequa Corp.; Seton Hall University; Shell Chemical Co.;
Shulton Inc. Consumer; Siegfried Chemical; Sika Corp.;
Sinclair Valentine; Smith Kline Beckman Corp.; Solvents
Distillers; Solvents Recov. Serv. of NJ, Inc.; Southern
Calif. Chem. Co., Inc.; Spectraserv, Inc.; St. Barnabas
Me. Cntr.; St. Joe Paper Co.; St. Thomas Aquinas Cl.;
Staley Chemical Co.; Standard Tank Clean; Standard Tool &
Mfg. Co.; Stanley Chemical Co.; The Stanley Works; Starch
Container Co.; Starlight Trading; Stauffer Management Co.;
Stepan Company; Sun Rise Fashion Inc.; Sybron Transition
Corp.; Tappan Tanker; Tau Laboratories; Tenneco Resins,
Inc.; Texaco Butadiene Co.; Texaco, Inc.; Textron, Inc.;
Time-DC; Tizon Chemical Corp.; Toms River Chem. Corp.;
Tuck Industries, Inc.; U.S. Metals Refining; Union Camp
Research; Union Carbide Corp.; Union Textile; Uniroyal
Chem. Co., Inc.; Unisys Corp.; United Carting; United
States Lines; United States Metals Refining Co.; United
Technologies Corp.; Universal Sanit.; UOP Chem.; The
Upjohn Co.; US Samica Corp.; Vamp Chem; Vanguard Ventron
Chemical; Village Cesspool; Vineland Chem. Co., Inc.;
W.W. Andress Co.; Wall Trends Inc.; Walter Kidde; Waltz
Enterprises; Western Union; Westinghouse Electric Corp.;
Weston Chemical; Westron Chemical Co.; White Chemical
Corp.; White Rose Tea; Whitmoyer Labs; Winchester
Westron; Witco Chemical Co.; Woodstein & Klurman; Z & W
Enterprises, Inc.; John Doe (1-500) Standard Spill;
Aluminum Billets; Macarthur Petroleum & Solvent Co. Inc.;
Central Jersey Cleaners; Clean Spray; James E. McNulty;
LCP Chemical & Plastics; Lester Summers; Sand Gravel-Stone
Co.; Meadows Facility Post O; Tenneco Chem; Western
Chemical Co.; German Shepard; Z & W Mazda; Sybron
Chemicals; United States Metal Refining Co.; General Sewer Service,
Mayco Oil & Chemical Company; Astro Pak; AT & T
Technologies Inc., by its successor American Telephone and
Telegraph Company, Inc.; Biocraft Laboratories, Inc.;
Chesebrough-Pond's USA Co.; CPC International, Inc.,
including Best Foods division and Penick Corporation
successor to S.B. Penick Company; Fluid Packaging Co.,
Inc.; FMC Corporation; Ganes Chemicals, Inc.; General
Electric Company; Hexcel Corporation; Huls America Inc.;
IBM Corporation; John H. Cooney, Inc.; J.T. Baker, Inc.;
Lever Brothers Co.; Marisol, Inc.; Mobil Oil Corp.;
Occidental Chemical Corporation; Phelps Dodge Corporation;
Procedyne Corporation; Procter & Gamble Manufacturing
Company; Reynolds Metals Company; Russell Reid Company;
Safety-Kleen Envirosystems Company; Saft Nife, Inc. (sued
as SAB Nife Inc.); Sequa Corporation (formerly Sun Chemical
Corporation); Siegfried Chemicals; Smithkline Beecham
Corporation; Spectraserv, Inc. (formerly Modern
Transportation Co.); Stroh Brewery Company; Sybron
Transition Corp.; Sybron Chemicals, Inc., including as
trade names Gamlen Chemical and Tanatex; and Witco
Corporation (collectively "Settlor-Defendant Appellants"), Appellants.
 No. 92-5636.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant To Third Circuit LAR 34.1(a) Aug. 20, 1993.
Decided Sept. 17, 1993.
 
 George M. Newcombe, David B. Smallman, Elizabeth A. Fuerstman, Simpson, Thacher & Bartlett, New York City, Steven L. Lapidus, Robinson, St. John & Wayne, Newark, NJ, for Mayco Oil & Chemical Co., appellant.
 Henry B. Fitzpatrick, Stephen P. Chawaga, Fitzpatrick & Tanker, Philadelphia, PA, for Astro Pak, appellant.
 Joseph J. Strelkoff, Basking Ridge, NJ, for AT & T Technologies, Inc. by its successor American Tel. and Tel. Co., Inc., appellant.
 Stephen P. Kramer, Proskauer, Rose, Goetz & Mendelsohn, New York City, for Biocraft Laboratories, Inc., appellant.
 Daniel M. Steinway, Catherine J. Serafin, Carl A. Salisbury, Anderson, Kill, Olick & Oshinsky, Washington, DC, for Chesebrough-Pond's USA Co. and Lever Bros. Co., appellants.
 Steven A. Kunzman, Bivona, Cohen, Kunzman, Coley, Yospin, Bernstein & DiFrancesco, Warren, NJ, for CPC Intern. Inc., including Best Foods div. and Penick Corp. successor to S.B. Penick Co., appellant.
 Steven J. Eisenstein, Lum, Hoens, Conant, Danzis & Kleinberg, Roseland, NJ, for Fluid Packaging Co., Inc., appellant.
 John F. Stillmun, Philadelphia, PA, for FMC Corp., appellant.
 Tod W. Read, Edward A. Kurent, Gilberg & Kurent, Washington, DC, for Ganes Chemicals, Inc. and Siegfried Chemical, appellants.
 Langley R. Shook, Sidley & Austin, Washington, DC, for General Elec. Co., appellant.
 David B. Graham, John W. Kampman, Steven L. Leifer, Howrey & Simon, Washington, DC, for Hexcel Corp., appellant.
 George S. Flint, Jackson & Nash, New York City, for Huls America, Inc., appellant.
 Ezra D. Rosenberg, Fox, Rothschild, O'Brien & Frankel, Lawrenceville, NJ, James K. Guerin, Senior Counsel, IBM Corp., Stamford, CT, for IBM Corp., appellant.
 John A. Boyd, Harris, Dickson, Buermann, Camp, Ashenfelter, Slous & Boyd, Upper Montclair, NJ, for John H. Cooney, Inc., appellant.
 Nan Bernardo, Shanley & Fisher, Morristown, NJ, for J.T. Baker, Inc., Marisol, Inc., and Procter & Gamble Mfg. Co., appellants.
 Thomas Richichi, Beveridge & Diamond, P.C., Washington, DC, for Mobil Oil Corp., appellant.
 Michael M. Gordon, Cadwalader, Wickersham & Taft, New York City, for Occidental Chemical Corp. and Safety-Kleen Envirosystems Co., appellants.
 John S. Agar, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for Phelps Dodge Corp., appellant.
 James Bickford, Princeton, NJ, for Procedyne Corp., appellant.
 Renata M. Manzo, Reynolds Metals Co., Richmond, VA, for Reynolds Metals Co., appellant.
 Lila Wynne Williams, Slimm, Dash & Goldberg, Westmont, NJ, for Russell Reid Co., appellant.
 William F. Paquin, Haronian, Paquin, Bramley & Harrington, Inc., Warwick, RI, for Saft Nife, Inc. (sued as SAB Nife, Inc.), appellant.
 Richard J. Kagan, Leonard & Butler, Parsippany, NJ, for Sequa Corp. (formerly Sun Chemical Corp.), appellant.
 Patricia A. Barald, Covington & Burling, Washington, DC, for Smithkline Beecham Corp., appellant.
 Max Spinrad, Miele, Cooper, Spinrad & Kronberg, Millburn, NJ, for Spectraserv, Inc. (formerly Modern Transp. Co.), appellant.
 Leonard R. Charla, Diane B. Carley, Butzel Long, Detroit, MI, for Stroh Brewery Co. (successor in interest to Jos. Schlitz Brewery Co.) and/or Stroh Container Co., improperly named as Starch Container, appellant.
 Donald K. Joseph, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, PA, for Sybron Transition Corp. and Sybron Chemicals, Inc., including as trade names Gamlen Chemical and Tanatex, appellants.
 Edmund R. Papazian, Witco Corp., New York City, Samuel D. Bornstein, Paramus, NJ, for Witco Corp., appellant.
 Dante J. Romanini, Richard M. Cohen, Kozlov, Seaton, Romanini & Brooks, P.C., Cherry Hill, NJ, for Transtech Industries, Inc.; Kin-Buc, Inc.; and Filcrest Realty, Inc., appellees.
 Myles E. Flint, Acting Asst. Atty. Gen., Anne S. Almy, Catherine R. McCabe, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, for U.S., amicus-appellee.
 Before: SCIRICA, NYGAARD, and WEIS, Circuit Judges.
 OPINION OF THE COURT
 WEIS, Circuit Judge.
 
 
 1
 In this case brought under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), the district court rejected appellants' contention that, having entered into a settlement with the Environmental Protection Agency, they were relieved of responsibility for cleanup expenses incurred by the owners of a landfill. 798 F.Supp. 1079. We conclude that the district court's denial of summary judgment and refusal to enforce a settlement is a collateral order not appealable under the Cohen exception. Accordingly, we will dismiss the appeal.
 
 
 2
 The owners and operators of the Kin-Buc Landfill in New Jersey brought this suit in 1990 seeking contribution for costs incurred in cleaning up that hazardous waste site. The 445 named defendants are generators, transporters, or haulers of hazardous waste who are alleged to be potentially responsible parties liable to plaintiffs for past expenses incurred at the site, as well as for anticipated future costs.
 
 
 3
 Approximately 200 of the defendants ("settlor-defendants") moved for summary judgment asserting that, as a result of a settlement agreement with the Environmental Protection Agency embodied in a 1988 consent decree, they were not liable to plaintiffs. The district court denied the motion concluding that the consent decree covered only costs incurred by the United States and did not purport to absolve the settlor-defendants from liability for contribution to plaintiffs for their separate expenditures.
 
 
 4
 Under CERCLA, parties who have "resolved [their] liability to the United States ... in a[ ] ... judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. Sec. 9613(f)(2). The court concluded, however, that the application of that statutory provision was limited by the terms of the settlement agreement and that "[i]n no way was the government absolving defendants from all liability to any other party for the ongoing problems at the site." The court then denied settlor-defendants' request for certification of a controlling question of law under 28 U.S.C. Sec. 1292(b). Approximately 35 of the settlor-defendants have appealed.
 
 
 5
 Settlor-defendants contend that this Court has jurisdiction under the "collateral order" doctrine articulated in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). In that case, the Court defined an exception to the final judgment requirement of 28 U.S.C. Sec. 1291 as a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Id. at 546, 69 S.Ct. at 1225.
 
 
 6
 In Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Court listed three criteria that must be present for an interlocutory order to come within Cohen's narrow exception to the final-judgment rule. The order must (1) conclusively determine the disputed question; (2) resolve an important issue completely separable from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. Id. at 468, 98 S.Ct. at 2457.
 
 
 7
 The Supreme Court has been chary of expanding the Cohen exception any further. In Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 498, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989), the Court found that an interlocutory order denying enforcement of a contractual forum-selection clause did not satisfy the third requirement of the collateral order doctrine. The Court reiterated its "general rule" that an order is "effectively unreviewable" only if it "involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." Id. at 498-99, 109 S.Ct. at 1978 (internal quotations omitted). That an erroneous ruling may result in additional litigation expense " 'is not sufficient to set aside the finality requirement imposed by Congress' [in section 1291]." Id. at 499, 109 S.Ct. at 1978 (quoting Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 436, 105 S.Ct. 2757, 2764, 86 L.Ed.2d 340 (1985)).
 
 
 8
 An immunity to civil suit itself is a right that can be lost if not enforced before trial. Consequently, an order rejecting official immunity is immediately appealable, Mitchell v. Forsyth, 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), as is one denying effect to the protection of the "Speech or Debate Clause," Helstoski v. Meanor, 442 U.S. 500, 506-08, 99 S.Ct. 2445, 2448-49, 61 L.Ed.2d 30 (1979). See also Abney v. United States, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977) (order denying right not to stand trial on double jeopardy grounds is appealable before final judgment).
 
 
 9
 Although an order denying immunity to suit falls within the narrow confines of the "collateral order" doctrine, that exception may not be allowed to swallow the rule. In Van Cauwenberghe v. Biard, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988), the Court remarked that "in some sense, all litigants who have a meritorious pretrial claim for dismissal can reasonably claim a right not to stand trial." Id. at 524, 108 S.Ct. at 1950. The Court further reasoned:
 
 
 10
 "Because of the important interests furthered by the final-judgment rule ... and the ease with which certain pretrial claims for dismissal may be alleged to entail the right not to stand trial, we should examine the nature of the right asserted with special care to determine whether an essential aspect of the claim is the right to be free of the burdens of a trial."
 
 
 11
 Id. at 524-25, 108 S.Ct. at 1951.
 
 
 12
 In Van Cauwenberghe, the Court assumed the validity of defendant's contention that he was immune from service of process, but held, nonetheless, that the district court's denial of his motion to dismiss was not immediately appealable. Id. at 524, 108 S.Ct. at 1950. "Because the right not to be subject to a binding judgment may be effectively vindicated following final judgment, we have held that the denial of a claim of lack of jurisdiction is not an immediately appealable collateral order." Id. at 527, 108 S.Ct. at 1952.
 
 
 13
 We have followed the Supreme Court's admonition and "have consistently construed the Cohen exception narrowly rather than expansively." Lusardi v. Xerox Corp., 747 F.2d 174, 176-77 (3d Cir.1984); see also Praxis Properties, Inc. v. Colonial Sav. Bank, s.l.a., 947 F.2d 49, 54 (3d Cir.1991); Demenus v. Tinton 35 Inc., 873 F.2d 50, 53 (3d Cir.1989). We considered the problem in Borden Co. v. Sylk, 410 F.2d 843 (3d Cir.1969), observing:
 
 
 14
 "We have detected what appears to be an irresistible impulse on the part of appellants to invoke the 'collateral order' doctrine whenever the question of appealability arises. Were we to accept even a small percentage of these sometime exotic invocations, this court would undoubtedly find itself reviewing more 'collateral' than 'final' orders."
 
 
 15
 Id. at 845-46. For a comprehensive review of the collateral order doctrine, see 15A Charles A. Wright et al., Federal Practice and Procedure Secs. 3911 to 3911.5 (1992).
 
 
 16
 Turning, then, to the issues presented in the case before us, we first consider the factors set out in Coopers & Lybrand, 437 U.S. at 468, 98 S.Ct. at 2457. We may assume that the district court's order is final because there is no indication that it was tentative or less than the last word on the settlor-defendants' construction of the consent decree. We have substantial doubts, however, that the issues settlor-defendants raised in defense of appellate jurisdiction under the collateral order doctrine are distinct from the underlying merits of the lawsuit. We need not linger long on this point, however, because it is quite clear that the settlor-defendants' contentions can be raised on direct appeal after final judgment. Therefore, the interlocutory order fails to meet all of the requirements needed to fall within Cohen's narrow exception to the final-judgment rule.
 
 
 17
 Recognizing that deficiency, settlor-defendants assert that the consent decree grants them immunity from suit, relying on a line of cases holding that interlocutory orders denying enforcement of settlement or release agreements are immediately appealable. See Forbus v. Sears, Roebuck & Co., 958 F.2d 1036, 1039-40 (11th Cir.1992); Grillet v. Sears, Roebuck & Co., 927 F.2d 217, 219-20 (5th Cir.1991); Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir.1989); Towers Hotel Corp. v. Rimmel, 871 F.2d 766, 769-70 (8th Cir.1989); cf. Chaput v. Unisys Corp., 964 F.2d 1299, 1301 (2d Cir.1992). Those cases are factually distinguishable from the case before us in that they involved disputes over settlement agreements between plaintiffs and defendants. Here, however, the settlement agreement was between settlor-defendants and the EPA--an entity that is not a party to this case. Plaintiffs are not alleged to have reached any agreement with the settlor-defendants on the claim incorporated in the complaint.
 
 
 18
 More significant, however, is our disagreement with the decisions in Forbus, Grillet, Janneh and Towers. We believe that they undermine the final-judgment rule and expand the immunity concept beyond that which the Supreme Court has approved. In our view, Desktop Direct, Inc. v. Digital Equip. Corp., 993 F.2d 755 (10th Cir.1993), more closely conforms to the Supreme Court's teaching.
 
 
 19
 In Midland Asphalt Corp. v. United States, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989), the Supreme Court cautioned that one should not "play word games with the concept of a 'right not to be tried.' " Id. at 801, 109 S.Ct. at 1499. The Court went on to explain that "[a] right not to be tried in the sense relevant to the Cohen exception rests upon an explicit statutory or constitutional guarantee that trial will not occur...." Id.
 
 
 20
 Cases involving claims of official immunity have listed interests that justify permitting freedom from suit, such as " 'the general costs of subjecting officials to the risks of trial--distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.' " Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982)). No such public policy considerations are present in the case at hand.
 
 
 21
 In Desktop Direct, the United States Court of Appeals for the Tenth Circuit declined to review an order vacating a settlement between plaintiff and defendant. The Court concluded that the Cohen doctrine should "not be expanded without compelling justification. A claimed right to avoid litigation based on a private contract to that effect does not meet this standard." Id. at 760. The Court also observed that it did not "see how a private settlement contract is significantly different from the contracted forum selection clause the Supreme Court refused to enforce through interlocutory appeal in Lauro Lines." Id.
 
 
 22
 Settlor-defendants seek some support from CERCLA, but we are not convinced. Indeed, we note that the language of section 9613(f)(2) supplies another basis for our conclusion that settlor-defendants have no immunity from suit. That section provides that parties settling with the United States "shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. Sec. 9613(f)(2). We believe it is significant that the statute does not include the word "immunity," but merely refers to a party's "liability."
 
 
 23
 In Brown v. Grabowski, 922 F.2d 1097, 1109 (3d Cir.1990), we refused to review an interlocutory order rejecting claims of official immunity based on state law. Although state law conferred immunity from liability, we found no authority that granted immunity from suit as well. Id. at 1108.
 
 
 24
 As the Court pointed out in Van Cauwenberghe, undoubtedly there is value to the litigant " 'in triumphing before trial, rather than after it.' " 486 U.S. at 524, 108 S.Ct. at 1950 (quoting United States v. MacDonald, 435 U.S. 850, 860 & n. 7, 98 S.Ct. 1547, 1552 & n. 7, 56 L.Ed.2d 18 (1978)). Ordinarily, however, the benefits of the final-judgment rule, including discouragement of piecemeal appeals, efficient utilization of judicial resources, and prevention of delay and ultimate disposition, take precedence. Id. at 521 n. 3, 524-25, 108 S.Ct. at 1949 n. 3, 1950-51.
 
 
 25
 If settlor-defendants had a right to an appeal, it would be difficult to deny one to other litigants who can assert the benefit of such affirmative and dispositive defenses as claim or issue preclusion, statute of limitations, lack of subject matter jurisdiction, and the like. In Powers v. Southland Corp., 4 F.3d 223, 236-37 (3d Cir.1993), we held that an order joining a party despite the lapse of the statute of limitations was not appealable as a collateral order. We observed: "While it could be argued that a statute of limitations entails a right not to be sued after the expiration of the limitations period, that contention was rejected by this court in connection with a criminal statute of limitations." Powers, 4 F.3d at 232 (citing United States v. Levine, 658 F.2d 113, 124-29 (3d Cir.1981)). Levine presented an even stronger case for construing the lapse of the statute of limitations as an immunity from prosecution and trial, but nevertheless, this Court held that the Cohen exception did not apply. Levine, 658 F.2d at 129.
 
 
 26
 We are persuaded that orders denying summary judgments on claims of immunity from trial based on releases or settlements are not appealable as Cohen collateral orders. Consequently, we lack jurisdiction and will dismiss this appeal.
 
 
 27
 Settlor-defendants have requested us to consider their appeal, in the alternative, as a petition for mandamus. We do so, but deny the petition for failure to assert a cognizable basis for relief.
 
 
 28
 The appeal will be dismissed without prejudice. The petition for mandamus will be denied.